IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-CR-00501-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

3.    DEON MCELRATHBEY,

        Defendant.

## DEFENDANT'S SENTENCING STATEMENT

Defendant, Deon McElrathBey, through counsel Paula M. Ray, pursuant to FED. R. CRIM. P. 32 and D.C. COLO. LCRR 32.1, submits the following Sentencing Statement in anticipation of sentencing May 18, 2020, [Doc. No. 153] as follows:

**Career Offender Status:**

Probation sides with the Government regarding the Arizona Attempted Aggravated Assault qualifying Mr. McElrathBey for career offender status. *See* Addendum to the Presentence Report [Doc. No. 152]; Response to Objection [Doc. No. 148]; and Government's Sur-Reply to Defendant's Reply to Government's Response to Objections to Presentence Report at 2-4 [Doc. No. 149]. The Government's argument is specious.

Where an offender faces an enhanced sentence under § 4B1.2, this Court must be "certain" that the violent-felony moniker "necessarily" applies to each offense, before the offense can be treated as violent. *See United States v. Degeare,* 884 F.3d 1241, 1244 (10th Cir.

2018).  Where there is doubt that a prior conviction is a "violent felony", it cannot be used to enhance the conviction.  *Id.*  Here, the Arizona conviction cannot be deemed a violent felony with certainty.  The career offender guideline is not applicable.

Ignoring the terms of the Arizona Plea Agreement, and the Court's Order, the government argues that the charge was actually a Class 3 felony.[1]  *See* A.R.S. § 13-1204 [Doc. No. 148-4 at 2-4].  Mr. McElrathBey pled to a Class 4 felony.  *See* Plea Agreement at 1, Exhibit 2 [Doc. No. 148-2]  Subsection B is the only Class 4 felony to which the plea applies.  It includes recklessness as a *mens rea.*

The government cites A.R.S. § 13-1204 subsection B (1) and (2), apparently for the proposition that the charge to which Mr. McElrathBey pled could *not* have been committed with reckless intent.  It fails to cite where, in its *Shepard* documents, facts support a *mens rea* other than recklessness.  It also fails to explain why the Arizona court stated the charge was "Non Dangerous—Non Repetitive" in its Plea Advisement and Order.  *See* Transcript of Plea at 4 [Doc. No. 148-1] and Plea Agreement and Order at 2 [Doc. No. 148-2]

Finally, it asks this Court to go outside the *Shepard* documents to conclude that he pled to A.R.S. §§ 13-1203(A)(2) and 13-1204(A)(2), when the actual documents state that the plea is based only on A.R.S. §§ 13-1203, 13-1204, 13-701, and 13-801, without reference to subsections.  *See, Degeare,* 884 F.3d at 1246 (Modified categorical approach includes review of statute of conviction and "certain record documents" underling the defendant's prior offense).  *See* Courtroom Plea Agreement/Change of Plea entry at Doc. No. 148-2]  It is the government's

---

[1] The Plea Agreement confirms a plea to, "Amended, Count 5: Attempted AGGRAVATED ASSAULT, A CLASS 4 FELONY, in violation of A.R.S. §§ 13-1203, 1304, 13-701, 13-702, and 13-801 committed on 7/27/2009."  The Court's Order states:  "OFFENSE: Count 5 as amended: Attempted Aggravated Assault, Class 4 Felony, A.R.S. § 13-1203, 13-1204, 13-701, 13-702, and 13-801, Date of Offense: July 27, 2009, Non Dangerous – Non Repetitive."

burden to prove the facts underlying its claim that the charge, to which Mr. McElrathBey pled, qualifies as a predicate for career offender status. *See Shepard v. United States,* 544 U.S. 13, 17 (2005); *United States v. Zuniga-Soto,* 527 F.3d 1110, 1119 (10th Cir. 2008). It has not done so.

The government cites *Voisine v. United States,* 136 S. Ct. 2272 (2016). *Voisine* is inapposite. The issue there was whether misdemeanor assault convictions for reckless conduct triggered a 18 U.S.C. § 922(g) charge and 18 U.S.C. § 16 status. *Id.* at 2276. It is bottomed on Congress's intention to close a loophole in gun control laws. *Id.* *Voisine* does not overrule Tenth Circuit precedent holding that recklessness is an insufficient *mens rea* to constitute a felony crime of violence under § 4B1.1. *See United States v. Maldonado-Palma,* 839 F.3d 1248, 1250 (10th Cir. 2016)(citing *Voisine* and *Zuniga-Soto* with no mention of any conflict between the two cases).

*Voisine* expressly stated that its interpretation of U.S.C. § 921(a)(33)(A) did not determine whether § 16 extends to reckless behavior. *Id.* at 2280 n. 4. *Zuniga-Soto* answered this question. It held that "recklessness falls into the category of accidental conduct that the *Leocal* Court described as failing to satisfy the use of the physical force requirement under §16's definition of 'crime of violence.'" 577 F.3d at 1124 (citing *Leocal v. Ashcroft,* 543 U.S. 1, 9 (2004)).

The Tenth Circuit has held that only crimes with a *mens rea* of intent or purpose qualify as crimes of violence under § 4B1.2. *United States v. Armijo,* 651 F.3d 1226, 1234-36 (10th Cir. 2011)(Colorado felony manslaughter conviction with recklessness *mens rea* not a crime of violence under guidelines); *See also United States v. Duran,* 696 F.3d 1089, 1095 (10th Cir. 2012)(Applying *Armijo* to conclude Colorado aggravated assault is not a crime of violence under § 4B1.2(a) when committed by reckless discharge of a firearm); *United States v. Williams,* 559

F.3d 1143, 1148 (10th Cir. 2009)(Section 4B1.2 intended to reach purposeful, violent, and aggressive conduct not merely negligent or reckless acts). Until *Zuniga-Soto* is overturned, the government's argument holds no weight.

The government cites *United States v Hammons,* 862 F.3d 1052 (10th Cir. 2017). *Hammons* does not over-rule *Zuniga-Soto*. It distinguished *Zuniga-Soto* citing Oklahoma's drive-by shooting law's requirement of an "intentional discharge" of a weapon. Our Arizona statute has no such requirement.

The government cites *United States v. Pam,* 867 F.3d 1191, 1207-08 (10th Cir. 2017). *Pam* is inapposite. *Pam* declined to address whether *Voisine* abrogated *Duran* and *Zuniga-Soto*, specifically relying on the ACCA's elements clause, which is not at issue here. *Id.* at 1207 n. 15.

Finally, the government questions the Arizona Federal District Court's assessment of its own state's statutes. It ignores Arizona's own interpretations of its statute. *See State v. Williams,* 175 P. 2d 131, 132 (Ariz. 1993); *State v. Garcia,* 799 P.2d 888, 893 (Ariz. Ct. App. 1990). And it overlooks the rule of lenity. In sum, Mr. McElrathBey does not qualify as a career offender.

Since Mr. McElrathBey is not a career offender, the Guidelines are:

A. The base guideline is § 2A2.2, with a base offense level of **14.**

B The 4 level enhancement for use of a dangerous weapon does not apply under § 2A2.2(b)(2).

C There is a **4** level enhancement for bodily injury under § 2A2.2(3)(D).

D. The defendant was a minor participant in the criminal activity, decreasing the offense level by **2** levels under §3B1.2(b).

E. The adjusted offense level is **16**.

F.        Defendant's criminal history category is V.

G.        Defendant should receive the **3** level decrease for acceptance of responsibility under § 3E1.1(b).

F.        The sentencing range is **30-37** months.

**<u>Probation's Recommended Variance:</u>**

Mr. McElrathBey agrees with Probation that a variance is warranted due to various factors found in 18 U.S.C. § 3553(a). The nature and circumstances of the offense mitigate in favor of a variance under § 3553(a)(1). The history and characteristics of the defendant having a traumatic childhood with being exposed to gangs mitigate in favor of a lesser sentence, under § 3553(a)(1). *See* Presentence Report at ¶¶ 47, 48, 49 [Doc. No. 154]. And his culpability as being equal to co-defendant Lee, who received a 30 month sentence, further mitigates in favor of a lesser sentence implicating disparate sentencing, under § 3553(a)(6).

**<u>Designation to Arizona:</u>**

Mr. McElrathBey requests this Court recommend to the Bureau of Prisons that he be designated to serve his sentence in Arizona where his siblings and uncle reside.

**<u>Recommendation for Placement in Halfway House:</u>**

Mr. McElrathBey requests this Court recommend to the Bureau of Prisons that he be placed in a Halfway House (Community Corrections) 12 months before his term of imprisonment ends. This request is made in order to provide him with stability and support after he is released. By the time he is released, he will have been incarcerated for many years. While

- 6 -

he has some support in the community, he will require additional support and guidance to find a job and housing.

DATED this 8th day of May, 2020

>Respectfully submitted,
>
>s/ Paula M. Ray
>Paula M. Ray, P.C.
>P.O. Box 12554
>Denver, CO  80212-0554
>Telephone:  (303) 874-5170
>Email: paulamray@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2020, I served a copy of the foregoing via CM/ECF on all interested parties.

>s/ Paula M. Ray
>Law Office of Paula M. Ray, P.C.