IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge R. Brooke Jackson

Criminal Case No. 1: 18-cr-00501-3-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEON McELRATHBEY,

    Defendant.

---

**ORDER ON MOTION TO VACATE SENTENCE**

---

Deon McElrathbey, pro se, moves to vacate his sentence and to set a new sentencing hearing, claim that his attorney's failure to appropriately challenge his designation as a career offender denied his Sixth Amendment right to effective assistance of counsel. The government opposes the motion. Neither party has requested a hearing, and the Court finds that oral argument on the dispositive legal issue would not be a material assistance to the resolution of the matter. For the reasons set forth herein, the motion is denied.

## BACKGROUND

On June 7, 2018 three inmates at FCI Florence, including Mr. McElrathbey, assaulted another inmate. Mr. McElrathbey pled guilty to assault with a deadly weapon and aiding and abetting, in violation of 18 U.S.C § 113(a)(3). In its initial draft of a Presentence Investigation Report, for attorneys' eyes only, the Probation Department calculated his Guideline Range as 77-96 months, based on an offense level of 21 and a criminal history category VI. ECF No 145-1 at 2.

1

Mr. McElrathbey's counsel, Paula M. Ray, filed objections to the draft report, including an objection to the classification of Mr. McElrathbey as a "career offender." ECF No. 146. That classification, as relevant here, requires that the instant offense be a felony "crime of violence," and that the offender had at least two prior felony convictions for crimes of violence. U.S.S.G. § 4B1.1(a). A crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).[1] Ms. Ray acknowledged that present conviction is a felony crime of violence, as was his 2006 conviction for armed robbery with a deadly weapon. However, she argued that Mr. McElrathbey's 2011 conviction for interference with commerce by threats or violence was not a crime of violence, and therefore, Mr. McElrathbey was not a career offender. That would change his offense level from 21 to 13 and his Guideline range from 77-96 to 30-37 months. *Id.* at 2-3.

The government agreed in part. ECF No. 147. It agreed that the 2011 conviction was not a crime of violence. However, it argued that another prior conviction, namely, Mr. McElrathbey's 2010 conviction for attempted aggravated assault in violation of Ariz. Stat. §§ 13-1203(A)(2) and 13-1204(A)(2), was a crime of violence; and therefore, the classification of Mr. McElrathbey as a career offender was correct, albeit for a different reason than set forth in the draft Presentence Investigation Report. *Id.* at 3-5.

The government's reasoning was that Ariz. Rev. Stat. § 13-1203(A) provides that "[a] person commits assault by (1) intentionally, knowingly or recklessly causing any physical injury to another person; or (2) intentionally placing another person in reasonable apprehension of imminent physical

---

[1] The Armed Career Criminal Act (ACCA) defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ...that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [.]" 18 U.S.C. § 924(e)(2)(B)(i). *Accord,* 18 U.S.C. § 924(c)(3)(A). That definition is similar to the Guideline's definition of "crime of violence."

2

injury; or (3) knowingly touching another person with the intent to injure, insult or provoke such person." Ariz. Stat. § 13-1204(A)(2) provides that a "person commits aggravated assault if the person commits assault as prescribed by section 13-1203 . . . [i]f the person uses a deadly weapon or dangerous instrument." Courts have determined that the Arizona assault statutes encompass conduct that falls both inside and outside the definition of a violent crime. Therefore, one must use the "modified categorical approach" and examine available "*Shepard* documents" to determine whether the conduct at issue is a violent crime. *Shepard v. United States,* 554 U.S. 13, 16 (2005) (where a conviction was secured by a guilty plea, the court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding of the trial judge to which the defendant assented.").

The available *Shepard* documents were

- The August 4, 2002 indictment alleged in Count 5 that Mr. McElrathbey, "using a gun, a deadly weapon or dangerous instrument, intentionally placed Timothy R. Welch in reason apprehension of physical injury in violation of A.R.S. §§ 12-1203 [sic], 13-1204, 13-301, 13-202, 13-303, 13-304, 13-701, 13-702, and 13-801."
- Mr. McElrathbey's plea agreement stated that he pled guilty to Amended Count 5, which charged "Attempted Aggravated Assault, a Class 4 felony in violation of A.R.S. §§ 13-1203, 13-1204, 13-701, 13-702, and 13-801."
- In the plea colloquy, the factual basis provided by the government was that Mr. McElrathbey placed Timothy Welsh "in reasonable apprehension of imminent physical injury by brandishing a weapon – a gun, excuse me, Your Honor."
- When asked whether he agreed with those facts, Mr. McElrathbey said "yes."

*Id.* at 5-6.

Putting these facts together, the government argued that they supported the conclusion that Mr. McElrathbey was convicted under Ariz. Rev. Stat. §§ 13-1203(A)(2) ("intentionally placing another person in reasonable apprehension of imminent physical injury") and 13-1204(A)(2) (use of "a deadly weapon or dangerous instrument). A conviction under Ariz. Rev. Stat. §§ 13-1203(A)(2) and 13-1204(A)(2) qualifies as a federal crime of violence. *United States v. Antonio-Agusta,* 672 F.3d 1209, 1213, 1217 n.7 (10th Cir. 2012); *U.S. v. Owings,* 587 F. App'x 376, 378-79 (9th Cir. 2014) (unpublished).

Attorney Ray made several arguments in response. ECF No. 148. First, Mr. McElrathbey did not plead to Count 5 of the Indictment, which is a "dangerous felony," but to <u>Attempted</u> Aggravated Assault, a "non-dangerous, non-repetitive felony." ECF No. 148 at 2. Second, Count 5 charged a Class 3 felony, but his plea was to a Class 4 felony. *Id.* and ECF No. 148-2 at 1 (Plea Agreement). The only Class 4 felonies that identified in Ariz. Rev. State § 13-1204 are §§ 13-1204(A)(3), which doesn't apply, and 13-1204(B) which can be violated by reckless conduct. But recklessness is insufficient to establish the *mens rea* required for a crime of violence under Colorado law. *Id.* at 3. Third, the *Shepard* documents fall short. Mr. McElrathbey agreed that he placed Timothy Welsh "in reasonable apprehension of imminent physical injury," but he wasn't asked whether he did so intentionally. Thus, the violation could have been for reckless conduct. *Id.* Fourth, the rule of lenity supports a finding for the defense on this issue. *Id.* at 4.

The Probation Department reassessed its Guideline calculation. It agreed with Ms. Ray (and the government) that the 2011 conviction couldn't be classified as a crime of violence. However, it also agreed with the government that the 2010 Arizona conviction for attempted aggravated assault was a crime of violence. ECF No. 152 at 1.

In a subsequent Sentencing Statement Ms. Ray argued that Mr. McElrathbey's 2010 conviction cannot be a career offender predicate unless it can be classified as a crime of violence with "certainty," citing *United States v. Degeare,* 884 F.3d 1241, 1244 (10th Cir. 2018) ("In theory, deciding what offenses constitute violent felonies should be simple enough.  But in practice it can be a tricky business – especially because we must be 'certain' that the violent- felony moniker 'necessarily' applies to a particular offense before we can treat the offense as an ACCA predicate." *Id.* at 1-2.  Repeating the same arguments against career offender status that she had made in her objection to the draft Presentence Investigation Report, summarized that the government "fails to cite where, in its *Shepard* documents, facts support a *mens rea* other than recklessness.  *Id.* at 2.

The point was further debated during the sentencing hearing.  *See* ECF No. 179 at 3-7.  After noting that the arguments in the briefs and the hearing illustrated how complicated the federal sentencing guidelines can be at times, *id.* at 8, I ultimately agreed with the government's view that Mr. McElrathbey's agreement in the plea colloquy that he placed Timothy Welsh in reasonable apprehension of imminent physical injury by brandishing a gun tracked the language of Ariz. Rev. State. § 13-1203(A)(2) sufficiently closely that it was reasonable to infer that he was convicted under §§ 13-1203(A)(2) and 13-1204(A)(2).  *Id.* at 11.  Therefore, it constituted a crime of violence under U.S.S.G. § 4B1.2(a)(1) because it had as an element the use, attempted use, or threatened use of physical force against Mr. Welsh.  *Id.* at 12.

Based on my consequent finding that Mr. McElrathbey was properly labeled as a career offender, I found that the recommended Guideline range was 77-96 months, *id.*  However, I imposed a variant sentence of 54 months imprisonment plus three years of supervised release.  ECF Nos. 161 and 162.[2]

---

[2] The two co-defendants were sentenced to terms of 57 months (Jones) and 30 months (Lee).

5

Mr. McElrathbey's appeal was dismissed due to the partial appellate waiver in his plea agreement. ECF No. 193.

In his motion to vacate the sentence pursuant to 28 U.S.C. § 155, Mr. McElrathbey contends that Ms. Ray's representation was ineffective because "counsel failed to object to the career offender 4B1.2 enhancement based upon the fact that the 'Shepard' documents submitted by the Government did not demonstrate that he admitted nor ascented [sic] to the 'essential element of intent' of A.R.S. § 13-1203(A)(2)." ECF No. 195 at 4. Mr. McElrathbey explains that the only way the 2010 conviction could be a crime of violence would be if it were determined that his conviction under Ariz. Rev. Stat. § 13-1204(A)(2) was predicated on Ariz. Stat. § 13-1203(A)(2), as opposed to § 13-1203 (A)(1) or (A)(3). The government argued, and the Court agreed, that this could be inferred from the *Shepard* documents. "However what the Govt., Court, and more importantly attorney Paula Ray failed to realize is that there were no SHEPARD documents or other evidence establishing that he was convicted of an 'intentional' act rather than a reckless one, because the documents submitted by the Govt. and quoted verbatim by the Court at page 11 of the sentencing transcripts do not demonstrate that the defendant admitted nor ascented [sic] to the elements of A.R.S. § 13-1203(A)(2) most notably the 'Intent' element." *Id.* He adds that the intent element must be established with "certainty," and "counsels [sic] ignorance of the point of law that is fundamental to this case [Supreme Court clarification of the modified categorical approach in Descamps and Mathis] combined with her failure to perform basic research on this point is the quintessential example of unreasonable performance and the erroneous U.S.S.G. §4B1.1 career offender enhancement prejudiced the defendant by increasing his guidelines range and term of imprisonment." *Id.*

The government responded that Ms. Ray did make the argument that the *Shepard* documents from the Arizona case do not establish that Mr. McElrathbey's *mens rea* was intentional rather than

6

reckless. ECF No. 197 at 3, 6-8. Also, Mr. McElrathbey was not prejudiced because the 2010 offense was correctly determined to be an intentional offense. In addition to the argument it had previously made (the brandishing of a gun that creates "reasonable apprehension of imminent physical injury" implies a violation of Ariz. Rev. Stat. § 13-1203(A)(2)), the government added that Mr. McElrathbey must have committed the offense intentionally "because all forms of attempt in Arizona require an intentional *mens rea*," citing Ariz. Rev. Stat. § 13-1001(A). *Id.* at 8-10.

Mr. McElrathbey then filed a motion to amend his motion to add that Ms. Ray was ineffective for the additional reason that she did not object to the career offender classification on the basis that "attempt" under Arizona law is broader than the federal definition of attempt. ECF No. 200. Ariz. Rev. Stat. 13-1001(A)(2) provides that "[a] person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person: ...(2) [i]ntentionally does or omits to do anything which, under the circumstances as such person believes them to be, is *any step* in a course of conduct planned to culminate in commission of an offense." (emphasis added). In *Rebilas v. Keisler,* 506 F.3d 1161 (9th Cir. 2006) the court stated that "Arizona's definition of attempt under ARS § 13-1001 is broader than the federal definition of attempt. While the federal definition of attempt requires the defendant to commit an overt act constituting a *substantial step* towards the crime, Arizona's definition of attempt is satisfied if the defendant '[i]ntentionally does or omits to do anything which ... is *any* step in the crime. ARS § 13-1001(A)(2)." Mr. McElrathbey acknowledged that in *United States v. Martinez,* 602 F.3d 1166 (10th Cir. 2010), the court held that an Arizona conviction for attempted second degree burglary qualified as a crime of violence under U.S.S.G. § 4B1.2(a), notwithstanding Arizona's "any step" definition of attempt. *Id.* at 1173-75. However, he distinguished the case as having been based on the "residual clause" of the Guidelines which provided that an offense may be

7

deemed a crime of violence if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." That clause was deleted in 2016. *Id.* at 3.

In response the government argues that Ms. Ray's failure to raise this new argument, even if meritorious, does not show that her performance was so completely unreasonable as to be constitutionally deficient. ECF No. 203 at 3-4. In any event, he was not prejudiced. A felony under state law is a "crime of violence" under U.S.S.G. § 4B1.2(a)(1) if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Mr. McElrathbey's 2010 conviction in Arizona was for attempted aggravated assault. He admitted placing the victim in "reasonable apprehension of imminent physical injury" through the use of a deadly weapon, i.e., a gun. This constitutes the threatened use physical force, regardless of whether it also constituted "attempted use" of physical force. *Id.* at 4-7.

McElrathbey replies that the government has conceded that the Arizona attempt statute is broader than the federal definition of attempt. ECF No. 206 at 1. In *United States v. Titties,* 852 F.3d 1257 (10th Cir. 2017), the court stated, "'[i]f the statute sweeps more broadly' than the ACCA definition – that is, if some conduct would garner a conviction but would not satisfy the definition – then any 'conviction under that law cannot count as an ACCA predicate.'" *Id.* at 1266.

8

**STANDARD OF REVIEW**

To establish ineffective assistance of counsel the petitioner must show both that counsel's performance fell below an objective standard of reasonableness, and that the deficient performance resulted in prejudice to his defense. *Meadows v. Lind,* 996 F. 3d 1067, 1074 (10th Cir. 2021 (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id. Strickland,* 466 U.S. at 669). "To demonstrate constitutional deficiency , [the petitioner] must show that counsel's performance was completely unreasonable, not simply wrong." *Meadows*, 996 F.3d at 1075 (quoting *Fox v. Ward,* 200 F.3d 1286, 1295 (10th Cir. 2000)). But even if the petitioner can meet the high burden of establishing deficient performance, he must also establish prejudice. This means showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 1075, quoting *Strickland,* 466 U.S. at 694.

**ANALYSIS**

As indicated above, a claim of ineffective assistance of counsel involves a two-pronged inquiry, both prongs of which must be established by the petitioner. I consider them in turn.

**A.  Deficient Representation.**

The first question is whether Mr. McElrathbey has shown that Ms. Ray's representation in the district court was so completely deficient as to fall below the wide range of professional assistance. He has not provided any expert opinion regarding the standard of care or whether counsel's representation fell below it. However, as an incarcerated inmate, I do not expect him to be able to find or afford an expert. Rather, as a pro se litigant, I construe his pleadings liberally. Even so, I do not find that he has satisfied the deficient performance prong.

Ms. Ray vigorously and persistently argued that Mr. McElrathbey should not have been classified as a career offender. She successfully challenged the Probation Department's initial determination that McElrathbey's 2011 conviction for interference with commerce by threats or violence was a crime of violence that could serve as a predicate for a career offender designation. The government countered that his 2010 conviction of attempted aggravated assault would serve as the necessary second prior crime of violence conviction under the modified categorical approach. Responding to that, Ms. Ray focused, as the government had, on the *Shepard* documents. She argued that those documents did not establish that the crime was committed "intentionally" as opposed to "recklessly." She cited Tenth Circuit law holding that a finding that an offense was a crime of violence must be made with certainty. In substance, she made the argument that Mr. McElrathbey accuses her of not making, and she made it repeatedly -- twice in writing and a third time at the sentencing hearing.

She did not make the argument that Mr. McElrathbey made in his motion to amend, i.e., that Arizona's definition of "attempt" is broader than the federal definition of attempt. Of course, Mr. McElrathbey, who is obviously highly intelligent and has studied the applicable law extensively, did not make that argument in his original § 2255 motion either. In its response to his original § 2255 motion the government argued for the first time that Mr. McElrathbey must have committed the offense intentionally "because all forms of attempt in Arizona require an intentional *mens rea,*" citing Ariz. Rev. Stat. § 13-1001(A). Mr. McElrathbey then moved to amend his motion to include an argument based upon § 13-1001(A)(2). One can admire that he spotted a new argument without concluding that Ms. Ray's representation was deficient. As the Tenth Circuit held in *Meadows,* he must show that counsel's performance was completely unreasonable, not simply wrong." 996 F.3d at 1075. In any event, as I discuss next, I am not at all sure that overlooking the "attempt" argument was even wrong.

B. <u>Prejudice</u>.

10

With respect to the "intentional" versus "reckless" argument, I have found that Ms. Ray's representation was not deficient because she made the same argument, in substance, as the argument Mr. McElrathbey claims she should have made. The Court considered her argument at the sentencing hearing and ultimately did not agree with it. I still do not, for two reasons.

First, the government's factual basis in the Arizona case was that "Mr. Deon McElrathbey placed Timothy Welsh in reasonable apprehension of imminent physical injury by brandishing a weapon – a gun, excuse me, Your Honor." When asked whether he agreed, Mr. McElrathbey said "yes." Although the recitation of the factual basis did not expressly include the word "intentionally," the reference to placing another person "in reasonable apprehension of imminent physical injury" came directly and exclusively from Ariz. Rev. Stat. § 13-1203(A)(2), which prohibits "intentionally placing another person in reasonable apprehension of imminent physical injury." The suggestion that the conviction might have been under § 1301203(A)(1) or (A)(3) does not make sense. Section (A)(1) prohibits "intentionally, knowingly or recklessly causing any physical injury to another person." But there is no suggestion that Mr. McElrathbey attempted to physically injure Mr. Welsh. Section (A)(3) prohibits "knowingly touching another person with the intent to injure, insult or provoke such person." But there is no suggestion that Mr. McElrathbey attempted to touch Mr. Welsh. I find that it is reasonable to infer that the applicable subpart is § (A)(2).

Second, the fact that the various forms of attempt identified in the Arizona statutes all have a *mens rea* element of intentional conduct, *see* Ariz. Rev. Stat. § 13-1001(A), fortifies the conclusion that the 2020 conviction of attempted aggravated assault was for an intentional crime.

Regarding whether Ms. Ray's failure to make the argument about the comparative definitions of "attempt" was prejudicial, I do not agree with his distinction of *United States v. Martinez.* The Tenth Circuit's holding that the defendant's conviction of attempted burglary under Arizona's definition of

11

"attempt" qualified as a crime of violence under the Guidelines did not hinge on the "residual clause" of the Guidelines. Rather, it turned on the court's interpretation and application of commentary in U.S.S.G. § 4B1.2 n.1. *See* 602 F.3d at 1173-75. Moreover, attempting to put another person "in reasonable apprehension of imminent physical injury" fits within the Guideline's definition that "crime of violence" has as an element the "threatened use of physical force" of physical force against the person of another. When Mr. McElrathbey brandished a gun and put Mr. Welsh in reasonable apprehension of imminent physical injury, it amounted to a threat to use physical force against him.

## ORDER

For the reasons discussed in this order, defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2555 based on his claim of ineffective assistance of counsel, ECF No. 195, is DENIED. The defendant's motion to amend, ECF No. 200, is GRANTED.

DATED this 4th day of April, 2022.

BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
Senior United States District Judge